UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-105-CRS

MARIKA G.                                                                                                           PLAINTIFF

v.

MICHELLE KING
*Acting Commissioner of Social Security*[1]                                                   DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Marika G.'s ("Claimant") Objections to the Report and Recommendation of United States Magistrate Judge Regina S. Edwards. Pursuant to U.S.C. § 405(g), Claimant seeks judicial review of the Commissioner of Social Security's denial of her claim for disability insurance benefits ("DIB"). Claimant's Memorandum, DN 10. The Court referred this matter to Judge Edwards, who issued a Report recommending that the Administrative Law Judge's ("ALJ") Decision denying DIB should be affirmed. Report, DN 14. Claimant timely filed Objections to Judge Edwards's Report. Objections, DN 15. For the reasons stated below, the Court will overrule Claimant's Objections and adopt Judge Edwards's Report as the opinion of this Court.

## BACKGROUND

On July 27, 2017, Claimant applied for DIB under Title II of the Social Security Act, alleging disability with an onset date of May 1, 2016. Application, DN 6 at PageID# 247. She alleged disability based on "Disc Disorders" and "Cerficalgia" [sic]. Disability Report, DN 6 at PageID# 264. The evidence Claimant presented included a medical opinion from her physician,

---

[1] Michelle King became Acting Commissioner of Social Security on January 21, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Michelle King is substituted for former Commissioner Martin O'Malley as Defendant in this case.

Dr. Vincent T. Fry ("Dr. Fry"). Opinion of Dr. Fry, DN 6 at PageID# 1279-80. ALJ Candace McDaniel later summarized Dr. Fry's opinion:

> [Dr. Fry's report] opined the claimant could stand/walk or sit for less than two hours a day each, meaning work less than eight hours a day. It further found she could only lift less than five pounds frequently, though up to twenty pounds occasionally. The opinion limited her to occasional climbing and balancing and no stooping, crouching, kneeling, or crawling. It found she would be limited in her ability to reach, handle, push, and pull. Lastly, the provider believed the claimant would need two thirty-minute breaks at unpredictable intervals and would be expected to miss three times a month.

ALJ McDaniel Decision, DN 6-1 at PageID# 1565 (citing Opinion of Dr. Fry, DN 6 at PageID# 1279-80).

On July 15, 2019, ALJ Michelle Alexander issued a decision finding that Claimant was not disabled under the Social Security Act. ALJ Alexander Decision, DN 6 at PageID# 69. On December 14, 2022, the Court vacated ALJ Alexander's decision on the ground that she "did not sufficiently articulate how she considered the supportability and consistency factors" of Dr. Fry's opinion. Memorandum Opinion, DN 6-1 at PageID# 1710. On January 16, 2023, ALJ William Zuber issued a decision likewise concluding that Claimant was not disabled. ALJ Zuber Decision, DN 6-1 at PageID# 1733. On April 19, 2023, the Appeals Council remanded the case for a new hearing and decision. Order, DN 6-1 at PageID# 1744-47.

On December 22, 2023, ALJ McDaniel issued a decision finding that Claimant was not disabled under the Social Security Act. ALJ McDaniel Decision, DN 6-1 at PageID# 1568. In evaluating Claimant's Residual Functional Capacity ("RFC"), ALJ McDaniel found that "through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) . . . ." *Id.* at PageID# 1560. ALJ McDaniel found that this determination was supported by "the level of treatment [Claimant] received during this time, which was routine and conservative." *Id.* at PageID# 1562. She proceeded to cite and describe that

treatment, which included physical therapy, pain medications, trigger point injections, and radiofrequency ablation. *Id.* She also emphasized Claimant's good response to the treatment and how pain management providers and a specialist did not recommend surgery. *Id.* Finally, ALJ McDaniel explained why she was not persuaded by the opinion of Dr. Fry:

> [Dr. Fry] cites to signs and symptoms supportive of the limitations, yet the longitudinal record does not describe these signs and symptoms with the frequency and severity one would expect to support such a drastic set of limitations. For instance, his opinion was rendered in November 2017, yet the preceding examination by him in June was unremarkable (Exhibit 14F p. 32). Following the opinion, the same provider recorded essentially normal annual well visit exams outside of findings of tenderness to palpation or with range of motion (Exhibit 26F). She did have evidence for sensation abnormalities in the ankles and toes, but she did not have evidence for strength loss in the legs and her gait was generally normal outside of her acute knee pain. Thus, it is unclear why she could not sit or stand/walk even two hours a day. Treatment for her neck and back has been conservative since her alleged onset date and she often reported good response to treatment without side effects, so the exertional and postural limitations do not find corroborating support in the record. Overall, these findings are not compatible with an individual as limited as described at 16F who would be unable to sustain a regular and continuing work activity.

*Id.* at PageID# 1565-66.

ALJ McDaniel's decision became final on February 20, 2024, and Claimant subsequently appealed to this Court pursuant to 42 U.S.C. § 405(g). Complaint, DN 1 at PageID# 1. The Court referred the matter to Magistrate Judge Edwards for a Report and Recommendation. On December 20, 2024, Judge Edwards issued her Report concluding that ALJ McDaniel's decision should be affirmed. Report, DN 14 at PageID# 3426. On December 31, 2024, Claimant timely filed Objections to Judge Edwards's Report. Objections, DN 657. The Court now considers those Objections and reviews the portions of the Report to which Claimant objected.

## **LEGAL STANDARD**

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which a party has filed a timely and specific written objection. 28 U.S.C. § 636(b)(1)(C); FED. R.

3

CIV. P. 7 2(b)(3). Specific objections "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard*, 932 F.2d at 509). To the extent that no objection is filed, the arguments are waived. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 147–48 (1985). The Court need not review a magistrate judge's findings when neither party objects to those findings. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). The Court may accept, reject or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the Court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). Stated differently, substantial evidence exists "when a reasonable mind could support a decision as adequate to support the challenged conclusion, even when that evidence could support a decision the other way." *Cotton v. Sullivan*, 3 F.3d 692, 695 (6th Cir. 1993). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility."

*Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

## ANALYSIS

Judge Edwards concluded that ALJ McDaniel's decision was supported by substantial evidence and comported with the applicable regulations. Report, DN 14 at PageID# 3426. Claimant contends that ALJ McDaniel's RFC determination was not supported by substantial evidence because ALJ McDaniel failed to properly evaluate the supportability and consistency of Dr. Fry's opinion and failed to create a logical bridge between the evidence and the rejection of the opinion. Claimant's Memorandum, DN 10 at PageID# 3376, 3379. Claimant first objects to Judge Edwards's conclusion that ALJ McDaniel properly evaluated the supportability of Dr. Fry's opinion. Objections, DN 15 at PageID# 3428-29. However, Claimant's arguments here are meritless because they fail to identify specific error in Judge Edwards's analysis. Second, Claimant objects to Judge Edwards's conclusion that while ALJ McDaniel did not properly evaluate consistency, the error was harmless. *Id.* at PageID# 3429. Again, much of Claimant's argumentation here simply rehashes her Memorandum of Law and is meritless for this reason. Claimant's surviving argument contends that Judge Edwards incorrectly found that ALJ McDaniel's erroneous consistency analysis was harmless. *Id.* at PageID# 3429-30. She contends that the error cannot be harmless when ALJ McDaniel mischaracterized Claimant's treatment as "conservative" despite the record reflecting treatment that was not conservative. *Id.* For reasons that will be discussed, this argument is meritless and will be overruled.

Judge Edwards applied the correct standards for an ALJ's evaluation of medical opinions in an RFC determination, and Claimant does not contend otherwise. As Judge Edwards explained, an ALJ assesses a claimant's RFC "based on all of the relevant medical and other evidence" in the

5

record. 20 C.F.R. § 404.1545(a)(3). For claims filed on or after March 27, 2017, as here, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ evaluates the "persuasiveness" of medical opinions using five factors: 1) supportability, 2) consistency, 3) relationship with the claimant, 4) specialization, and 5) other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how they considered these factors for a medical opinion. 20 C.F.R. § 404.1520c(b)(2). By contrast, the ALJ need not explain how they considered factors 3-5. 20 C.F.R. § 404.1520c(b)(2). In evaluating supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In evaluating consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

**A. Claimant's Supportability Objections**

Judge Edwards found that ALJ McDaniel "properly evaluated the evidence regarding the supportability factor." Report, DN 14 at PageID# 3422. Claimant objects that Judge Edwards erred by "allow[ing] the ALJ to mischaracterize Dr. Fry's June 2017 examination as 'unremarkable,'" "accept[ing] the ALJ's cursory supportability review" based on "just one outlier visit," and taking "no issue with the ALJ characterizing Dr. Fry's opinion as 'drastic,' when Dr. Fry had a long-standing, first-hand relationship with [Claimant]." Objections, DN 15 at PageID# 3428-29.

6

Claimant's supportability objections are nothing more than a restatement of the arguments she presented in her Memorandum of Law. DN 10 at PageID# 3376-79. She does not point to an incorrect finding of fact, nor does she contend that Judge Edwards applied the wrong legal standards. *Id.* Instead, Claimant's supportability objections amount to a bare disagreement with Judge Edwards's conclusion. This failure to identify specific errors in Judge Edwards's analysis is insufficient. *Depweg*, 2015 WL 5014361 at *1. The Court declines to sustain Claimant's objections for this reason. *Thomas*, 728 F.2d at 815.

**B. Claimant's Consistency Objections**

Next, Judge Edwards found that ALJ McDaniel did not properly evaluate Dr. Fry's opinion regarding the consistency factor. Report, DN 14 at PageID# 3423. However, she concluded that the error was harmless because ALJ McDaniel's "explanation is sufficient to permit meaningful judicial review and enable the claimant to understand why she was not persuaded by Dr. Fry's opinion." *Id*. Claimant objects that the error was not harmless on two grounds: 1) ALJ McDaniel did not provide a "clear understanding" of why the treatment was labeled conservative or why "conservative treatment" was inconsistent with Dr. Fry's opinion; and 2) ALJ McDaniel mischaracterized Claimant's treatment as "conservative" despite "numerous positive findings in the record" indicating aggressive treatment. Objections, DN 15 at PageID# 3433.

Claimant does not dispute that Judge Edwards applied the correct legal standard for harmless error. As Judge Edwards explained, "[a]n ALJ's failure to properly apply the regulations may be considered harmless where 'the goal of the regulation was otherwise met.'" Report, DN 14 at PageID# 3424 (quoting *Lorraine R. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-00396, 2022 WL 4232839, at *5 (S.D. Ohio Sept. 14, 2022)); *see also Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL 3702170 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir.

7

2004)). Indeed, "the procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (citations omitted) (emphasis in original).

Judge Edwards found that because ALJ McDaniel failed to specifically cite the treatment she described as "conservative" when evaluating Dr. Fry's opinion, she did not satisfy the requirement that she articulate how she considered the consistency factor under 20 C.F.R. § 404.1520c(b)(2). Report, DN 14 at PageID# 3424. However, Judge Edwards found that this error was harmless because "the goal of the regulations was otherwise met." *Id.* (quoting *Lorraine*, 2022 WL 4232839 at *5). Judge Edwards explained that the goal of the articulation requirement is to "permit meaningful judicial review and enable the claimant to understand why [the ALJ] was 'not persuaded'" by the medical opinion. *Id.* at 3425 (citing *Jenna B. v. Comm'r of Soc. Sec.*, No. 3:21-cv-00176, 2022 WL 4395682, at *9 (S.D. Ohio Sept. 23, 2022). Judge Edwards found that this goal was met because when summarizing the record, ALJ McDaniel "described Claimant's treatment as 'conservative,' then identified specific examples of treatment listed in the record to support her description." *Id.* (citing ALJ McDaniel Decision, DN 6-1 at PageID# 1562). Judge Edwards concluded that "[l]ooking back at ALJ McDaniel's summary of the record, it is clear she was referencing this conservative treatment conducted by other medical professionals and Claimant's reports of positive response to treatment in her analysis of Dr. Fry's opinion." *Id.*

Claimant objects to Judge Edwards's analysis on two grounds. First, Claimant objects that ALJ McDaniel's decision did not meet the goal of the articulation requirement under 20 C.F.R. § 404.1520c(b)(2). Objections, DN 15 at PageID# 3431-33. Claimant acknowledges that "the ALJ

8

provided a 'clear understanding' of what she labeled 'conservative treatment,'" but she argues that ALJ McDaniel did not adequately explain why the treatment was labelled conservative and why conservative treatment is inconsistent with Dr. Fry's limitations. *Id.* Accordingly, Claimant contends that ALJ McDaniel's decision did not permit meaningful review or a "clear understanding" of why ALJ McDaniel found Dr. Fry's opinion to be inconsistent with the other medical evidence. Objections, DN 15 at PageID# 3433. Claimant presented the same argument to Judge Edwards such that her objection amounts to nothing more than a disagreement with Judge Edwards's conclusion. Claimant's Memorandum, DN 10 at PageID# 3379-80. Because this "bare disagreement" is "tantamount to an outright failure to lodge objections," the Court will overrule it. *Depweg*, 2015 WL 5014361, at *1.

Regardless, Claimant's argument has no merit. As Judge Edwards correctly stated, § 404.1520c(b)(2) aims to "permit meaningful judicial review and enable the claimant to understand why [the ALJ] was 'not persuaded'" by the medical opinion. Report, DN 14 at PageID# 3425 (citing *Jenna*, 2022 WL 4395682, at *9). Accordingly, this goal is met if the ALJ's decision provides enough to "make clear to a reasonable reader why the opinion of the treating physician was not accepted." *Smalley v. Comm'r of Soc. Sec.*, No. 20-1865, 2021 WL 4026783, at *4 (6th Cir. Sept. 3, 2021) (citing *Wilson*, 378 F.3d at 548). Judge Edwards did not err in concluding that ALJ McDaniel's decision met this standard. As Claimant acknowledges and Judge Edwards explained, ALJ McDaniel clearly cited and described the treatment she characterized as "routine and conservative" when she summarized the record. ALJ McDaniel Decision, DN 6-1 at PageID# 1562. Specifically, Judge Edwards pointed to the record wherein ALJ McDaniel described Claimant's experience with physical therapy, pain medications, trigger point injections, and radiofrequency ablation, how pain management providers and a specialist did not recommend

surgery, and Claimant's good response to the treatment. *Id.* These citations to and descriptions of the treatment permit a reasonable reader to understand why ALJ McDaniel characterized the treatment as routine and conservative. *Adams v. Comm'r of Soc. Sec.*, No. 23-3284, 2023 WL 6366106, at *3 (6th Cir. Sept. 28, 2023) (characterizing "epidural injections, medial-branch blocks, and prescription pain medication" as "conservative treatment"). And as Judge Edwards concluded, ALJ McDaniel's summary and analysis also permit a reasonable reader "to understand why Dr. Fry's opinion was not consistent with the other evidence of record." Report, DN 14 at PageID# 3425-26; *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013) (finding that claimant's "conservative treatment approach suggests the absence of a disabling condition."); *Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 641 (6th Cir. 2016) (explaining that claimant's good response to treatment did not support the presence of a disabling condition).

Second, Claimant objects that the goal of § 404.1520c(b)(2) cannot be met when ALJ McDaniel's consistency analysis was not supported by substantial evidence. Objections, DN 15 at PageID# 3429-30. Specifically, Claimant contends that "the ALJ mischaracterized the record as showing only 'conservative' treatment" when "[t]he record reflects treatment that is, in fact, *not* conservative," *Id.* (emphasis in original) and that there were "numerous objective findings in the record that are consistent with Dr. Fry's opinion." *Id.* at 3430.

Again, Claimant reasserts an argument she previously presented to Judge Edwards. Claimant's Memorandum, DN 10 at PageID# 3379-83 (arguing that the ALJ's consistency analysis was not supported by substantial evidence because "[a] complete review of the record does not show 'conservative' treatment of [Claimant's] impairments."). Regardless, Judge Edwards did not err in concluding that ALJ McDaniel's consistency analysis was supported by substantial evidence. Report, DN 14 at PageID# 3426. Judge Edwards correctly explained that "substantial evidence

10

exists 'when a reasonable mind could support a decision as adequate to support the challenged conclusion, even when that evidence could support a decision the other way.'" Report, DN 14 at PageID# 3418 (quoting *Cotton*, 3 F.3d at 695). As discussed, a reasonable mind could agree with ALJ McDaniel that Claimant's treatment history was inconsistent with Dr. Fry's opinion. *See, e.g.*, *Adams*, 2023 WL 6366106, at *3 ("Adams's history of conservative treatment for back pain with epidural injections, medial-branch blocks, and prescription pain medication also supported the ALJ's determination that she did not have disabling limitations in sitting and standing."). That reasonable minds could differ, or that evidence exists to support the opposite conclusion, does not require reversal. *Cotton*, 3 F.3d at 695; *Ulman*, 693 F.3d at 713. As Judge Edwards stated, "the Court cannot reweigh the evidence and substitute its own judgment for that of [ALJ McDaniel]." *Id.* at PageID# 3422 (citing *Price v. Comm'r of Soc. Sec.*, 342 Fed. App'x 172, 174 (6th Cir. 2009)). Accordingly, Claimant's objection is meritless and will be overruled.

## CONCLUSION

For the reasons set forth above, the court **OVERRULES** Claimant's Objections, DN 15, and **ADOPTS** Magistrate Judge Edwards's well-reasoned Report, DN 14, as its opinion and incorporates it here by reference. A separate judgment will be entered contemporaneously. A separate judgment will be entered this date in accordance with this Memorandum Opinion and Order. There being no just reason for delay, this is a **final Order**.

**IT IS SO ORDERED.**